People v De Los Santos (2018 NY Slip Op 04434)





People v Santos


2018 NY Slip Op 04434


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6881 618/17

[*1]The People of the State of New York, Respondent,
v
Ronald De Los Santos, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David P. Stromes of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered June 12, 2017, convicting defendant, upon his plea of guilty, of attempted robbery in the third degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, held in abeyance, and the matter remitted for further proceedings in accordance herewith.
During the plea proceeding, the court asked defense counsel, "I'm assuming based on his criminal history there we have no immigration issues?" to which counsel stated that he "discussed all of the immigration consequences, and he is well aware of all of the consequences that may result from this." The court thus failed to advise defendant that if he was not a United States citizen, he could be deported as a result of his plea, as required under People v Peque (22 NY3d 168 [2013], cert denied sub nom. Thomas v New York, 574 US __, 135 S Ct 90 [2014]). The People do not dispute that there was a Peque defect, and that preservation is not required here. However, their claim that the absence of prejudice may be determined on the present record is unavailing. Therefore, defendant should be afforded the opportunity to move to vacate his plea upon a showing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (Peque, 22 NY3d at 198). Accordingly, we remit for the remedy set forth in Peque (22 NY3d at 200-201), and we hold the appeal in abeyance for that purpose.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK